IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SANJEEV MALHOTRA | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. RDB-13-829 |
| | * | |
| HIRSH AND EHLENBERGER, PC | * | |
| and or its agents/assignees, to include James | | |
| P. Baglis | * | |
| Defendant. | | |

\*\*\*

## MEMORANDUM OPINION

On March 18, 2013, Sanjeev Malhotra ("Plaintiff"), a resident of Ijamsville, Maryland, filed a self-represented cause of action in which he seeks to "recind" and stay further award of fees he was ordered to pay to an attorney by a Virginia court. He seemingly alleges that Defendant, a Virginia law firm, is harassing him by making "misrepresentations" to a Fairfax County Virgnia "JDR" court[1] so as to obstruct his efforts to have full summer visitation with his daughters without having to provide 90-day advanced notice. Although the cause of action is difficult to decipher, it appears that the Defendant law firm is representing Plaintiff's ex-wife, and Plaintiff is alleging that Defendant has: (1) failed to reimburse him for the children's travel expenses; (2) failed to properly serve papers on him under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"); (3) made misrepresentations to the JDR court judges so as to "abuse his privilege as an attorney;" (4) failed to file a proper motion for a fee award with details of expenses required under the UCCJEA; (5) knowingly misled the JDR court to sign an "erroneous" order for a fee award; (6) knowingly allowed their client to mislead the JDR court to believe that she had not been served registration of papers, when she had in fact been served in July of 2012; (7) sought fees that are arbitrary and

---

[1] Plaintiff is referencing the Juvenile and Domestic Relations Court

capricious; and (8) caused Plaintiff to suffer discrimination based on his "race, religion, color, national origin, sex, different non- Christian name, spoken accent and status…" (ECF No. 1).

Plaintiff has submitted a Motion to Proceed In Forma Pauperis and additional material in support of the Motion. (ECF No. 2). The Motion shall be denied without prejudice. The Motion states that Plaintiff was granted pauperis status by the U.S. District Court for the Eastern District of Virginia, but otherwise contains no particular income, credit, or household expense information. The Court is therefore unable to proper assess Plaintiff's financial circumstances for purposes of granting him a filing fee waiver.

In addition, the Complaint was not accompanied by a civil cover sheet. Therefore, it is unclear under what jurisdictional basis Plaintiff is seeking to file the case. The case has been instituted as a civil rights action. The UCCJEA, however, provides that a court of the "Commonwealth [of Virginia] shall accord full faith and credit to an order issued by another state and consistent with this act that enforces a child custody determination by a court of another state…" Va.Code Ann. § 20–146.34. "Because the UCCJEA is only a state procedural statue adopted by the Virginia General Assembly, it does not confer federal question jurisdiction." *Smith ex rel. Smith v. Pines Treatment Center*, 472 F.Supp.2d 784, 786 (E.D. Va. 2007) (internal citations omitted).

In any event, the Court finds it appropriate to summarily dismiss the matter for lack of subject matter jurisdiction. Plaintiff files suit against the law firm of Hirsh & Ehlenberger, which is located in Reston, Virginia and names James P. Beglis, an associate of the law firm. The case may be construed as a personal injury claim sounding in legal negligence. This Court, however, is a court of limited original jurisdiction. It does not sit to review every claim related to alleged tortious conduct involving non-federal parties. It only has authority to review such claims filed pursuant to a federal

2

district court's diversity of citizenship jurisdiction. This Complaint, however, does not satisfy diversity of citizenship requirements.

When a party seeks to invoke diversity jurisdiction under 28 U.S.C. §1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). From a reading of the Complaint it would appear that the parties are from different states and the cause of action therefore meets diversity of citizenship requirements.

However, the damage claim set out by Plaintiff fails to meet the jurisdictional amount in controversy under 28 U.S.C. § 1332. It is a firmly established general rule of the federal courts that a Plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to the qualification that a Plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute. *Id.* In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the Plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938); *see also Shanaghan v. Cahill*, 58 F.3d 106, 100 (4th Cir. 1995). In the instant case the amount in question concerns an award of $6,000.00 in fees. When considering the sum certain involved in this case, the Court find that his cause of action does not

meet the $75,000.00 amount in controversy to satisfy diversity requirements.[2]

Alternatively, while the action may be treated as a personal injury-tort claim, the matter also involves issues of family law. Indeed, as part of the relief request Plaintiff asks the Court to intervene in fee issues involving child custody litigation. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Such issues have traditionally been reserved to the state or municipal court systems. Under the domestic relations exception to federal jurisdiction, federal courts do not have the power to intervene with regard to child support decrees. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992).

For the aforementioned reasons, the Complaint shall be dismissed for lack of subject matter jurisdiction. A separate Order follows.

Date: March 28th, 2013                            /s/
                                            RICHARD D. BENNETT
                                            UNITED STATES DISTRICT JUDGE

---

[2] Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred....., or (3) if there is no district in which an action may be brought, any judicial district in which and defendant is subject to the court's personal jurisdiction..." The actions about which Plaintiff complains primarily occurred in Virginia and Defendant resides in Virginia. Accordingly, there is some question as to whether venue is proper in this Court.