IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SANJEEV MALHOTRA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-13-0829 |
| HIRSCH AND EHLENBERGER PC, | * | |
| and/or its agents/assignees, to include James P. Beglis, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

The above-captioned case was filed by the self-represented Plaintiff Sanjeev Malhotra, a resident of Ijamsville, Maryland. On March 29, 2013, this Court entered an Order (ECF No. 3) dismissing the Plaintiff's claims, without prejudice, for lack of subject matter jurisdiction. Now pending before this Court are the Plaintiff's "Request for Reconsideration and Response to Memorandum Opinion," "Reconsideration of Motion for Leave to File the Accompanying Complaint *In Forma Pauperis*," and "Supplemental Requests and Exhibits" (ECF Nos. 7, 8 & 9) ("Motions"). No hearing is deemed necessary. Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the Plaintiff's Motions are DENIED.

The Plaintiff filed his Complaint in this District, asserting claims against Hirsch & Ehlenberger PC, a Virginia law firm, and James P. Beglis, an associate of the firm. This Court dismissed the Complaint for lack of subject matter jurisdiction on March 29, 2013. None of the Plaintiff's claims could be read to invoke federal question jurisdiction under 28

1

U.S.C. § 1331, and although there is complete diversity of citizenship, the Plaintiff's claims failed to meet the jurisdictional requirement that the amount in controversy exceed $75,000 under 28 U.S.C. § 1332(a). On April 30, 2013, the Plaintiff filed his Motions pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1]

To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assocs., Inc.*, 305 F. App'x 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). If these threshold requirements are met, the moving party must then show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at *2 (D. Md. April 28, 2010) (Nickerson, J.) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)).

---

[1] The "Supplemental Request and Exhibits" (ECF No. 9) was filed on July 1, 2013.

In his Motions, the Plaintiff merely rehashes the allegations raised in his Complaint. The only new information that Plaintiff provides is that he now claims that he is entitled to $75,400 in additional child support payments he has made over the past fifty months as a result of the Defendants' misrepresentations. This, he argues, serves to meet the jurisdictional amount in controversy requirement that this Court found lacking in dismissing the Complaint. A plaintiff's claim as to the amount in controversy must be made in good faith. *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995). Moreover, if it appears to a legal certainty that the Plaintiff cannot recover the jurisdictional amount, the case must be dismissed. *See Horlick v. Capital Women's Care, LLC*, 896 F. Supp. 2d 378, 397-98 (D. Md. 2011) (quoting *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) and *Shanaghan*, 58 F.3d at 112). Here, the Plaintiff has simply added frivolous claims for damages, not supported by any proof, in a bald attempt to meet the amount in controversy requirement. Indeed, it appears beyond doubt that the Plaintiff cannot recover fifty months of court-ordered child support payments based on conclusory allegations of fraud by the Defendants. Additionally, the Plaintiff seeks recovery of expenses, which are not included in the amount in controversy for jurisdictional purposes. *See* 28 U.S.C. § 1332(a) (setting the requirement "*exclusive of interests and costs.*") (emphasis added). Even according every benefit of liberal construction to the Plaintiff, who is proceeding *pro se*, no exceptional circumstances warrant reconsideration of the determination that this Court lacks subject matter jurisdiction over this case.[2]

---

[2] Furthermore, even if this Court were to accept the Plaintiff's specious allegations regarding the amount in controversy, it appears that venue cannot lie in the District of Maryland. The allegations

As to the Plaintiff's renewed request to proceed *in forma pauperis*, he merely reiterates the statements made in his first motion (ECF No. 2), which was denied by this Court on March 29, 2013 (ECF No. 3). The Plaintiff still has not provided specific information as to income, credit, or expenses that could support granting the motion. In sum, even under the most liberal reading of the *pro se* Plaintiff's Motions, no grounds exists to warrant reconsideration of this Court's March 29, 2013 Order.

## CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's Motion fails to satisfy the requirements of Rule 60(b) of the Federal Rules of Civil Procedure. Accordingly, it is this 3rd day of October, 2013, ORDERED that:

1. Plaintiff's Motions (ECF Nos. 7, 8 & 9) are DENIED;

2. The Clerk of the Court transmit copies of this Memorandum Order to the Plaintiff and counsel.

_____/s/_____
Richard D. Bennett
United States District Judge

---

primarily concern events that occurred in Virginia and it appears that all Defendants are domiciled in Virginia. 28 U.S.C. § 1391(b).